UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICELAND FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> RICELAND TRADING, LTD d/b/a RICELAND FOODS LTD, and WISMETTAC ASIAN FOODS INC. d/b/a SEASIA, <br><br> Defendants. | Case No. <br><br> **FEDERAL COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND OTHER RELIEF BASED ON TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, UNFAIR COMPETITION, AND UNJUST ENRICHMENT** <br><br> JURY DEMAND |

Plaintiff Riceland Foods, Inc., an Arkansas corporation (or "Plaintiff" or "Riceland"), by and through its undersigned Counsel, files this Complaint against Defendants Riceland Trading, Ltd d/b/a Riceland Foods, Ltd ("Riceland Trading") and Wismettac Asian Foods Inc., d/b/a SEASIA ("Wismettac") (each a "Defendant" and collectively, the "Defendants"). In support of its Complaint, Plaintiff alleges as follows:

1.      This is an action under the Trademark Laws of the United States, Title 15 U.S.C. §§ 1051, *et seq.*, for trademark infringement, unfair competition, and dilution pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (c), respectively. In addition this is an action, for trademark infringement, dilution and unfair competition, in violation of the common law and the statutes of the state of Washington.

COMPLAINT - 1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133302.0001/8131640.1

2. In an attempt to legitimatize their unauthorized activities, the Defendants market and sell counterfeit and potentially hazardous rice products using the Plaintiff's trademarks without authorization, thereby creating consumer confusion as to whether such products are affiliated, endorsed, and/or sponsored by the Plaintiff. Alternatively, Defendants are using the Plaintiff's trademarks without authorization on competing and related rice products. The Defendants' actions, as detailed below, maliciously tread upon the goodwill of the Riceland brand and have harmed and continue to harm the Plaintiff. Consequently, Plaintiff seeks damages, equitable relief including a preliminary and permanent injunction against the Defendants, and reimbursement of its attorneys' fees and costs.

## PARTIES

3. Plaintiff Riceland Foods, Inc. is a cooperative cooperation organized under the laws of the state of Arkansas, with its principal place of business in Stuttgart, Arkansas. Plaintiff is an exporter of rice and other grains, rice products, lecithin and vegetable oil.

4. Upon information and belief, Riceland Trading is a foreign corporation in Bangkok, Thailand, with its principal place of business at 33rd Floor Sinn Sathorn Tower, 77/140 Krungthonburi Rd. Bangkok, Thailand 10600.

5. Upon information and belief, Wismettac (formerly Nishimoto Trading Co., Ltd.), is a Washington corporation, with its principal place of business at 19931 72nd Ave. S, Ste 101, Kent, WA, 98032, within this judicial district.

6. Upon information and belief, SEASIA is an active trade name for Wismettac.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1338 as this civil action arises under an Act of Congress related to trademarks. This Court has jurisdiction under 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction over the state law claims as substantial and so related to the claims arising under federal law that they form part of the same case and controversy under Article III of the United States Constitution.

COMPLAINT - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133302.0001/8131640.1

8. This Court may exercise jurisdiction over the Defendants because the causes of action alleged herein arose in whole or in part in Washington. Upon information and belief, the Defendants are providing, advertising, selling, and/or offering to sell goods and services bearing the infringing RICELAND Marks and, upon information and belief, have made sales in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) on the ground that the infringing acts alleged herein arose, in whole or in part, within this judicial district.

## BACKGROUND FACTS

### I. PLAINTIFF'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

10. Plaintiff is the world's largest miller and marketer of rice, as well as a distributor of agricultural products, including rice, for human consumption.[1]

11. Plaintiff owns all right, title, and interest in and to the mark "RICELAND," and has obtained Federal Trademark and Service Mark Registrations for the mark "RICELAND" for a wide range of food and other products, including, *inter alia*, rice products, namely, rice flour, rice bran and rice mixes; oil, vegetable oil, rice oil, shortening and dried beans. Plaintiff's Federal Trademark and Service Mark Registrations for the mark "RICELAND" include the following word and design marks registered on the Principal Register of the United States Patent and Trademark Office, all but two of which are incontestable pursuant to 15 U.S.C. § 1065:

| Mark | Classes | Goods | Reg. No. | Reg. Date |
| --- | --- | --- | --- | --- |
| RICELAND | Classes 29, 30 | Oil, namely, vegetable oil and rice oil; shortening.<br><br>Rice; rice products, namely, rice flour and rice bran; and rice mixes. | U.S. Reg. No. 2,552,665 | March 26, 2002 |

---

[1] *See* About Riceland, Riceland Foods, Inc. Website *available at* https://www.riceland.com/pages/about-riceland/ (Last Accessed, April 6, 2020).

COMPLAINT - 3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

| | | | | |
|---|---|---|---|---|
| RICELAND | Class 29 | Dried beans | U.S. Reg. No. 5,507,521 | July 3, 2008 |
| RICELAND (AND DESIGN) (BLACK & WHITE) RICELAND | Class 30 | Rice | U.S. Reg. No. 1,913,625 | August 22, 1995 |
| RICELAND (STYLIZED) RICELAND | Class 30 | Rice | U.S. Reg. No. 442,236 | March 15, 1949 |
| RICELAND FOODS | Classes 29, 30 | Vegetable shortening and soybean salad and cooking oils; Rice. | U.S. Reg. No. 1,067,790 | June 14, 1977 |
| RICELAND MOBILE CAFÉ FAMILY FARMER OWNED (AND DESIGN) Mobile Café | Class 43 | Mobile café services for providing food and drink; Providing of food and drink via a mobile truck. | U.S. Reg. No. 5,508,644 | July 3, 2018 |
| RICELAND PERFECTED RICE | Class 30 | Rice | U.S. Reg. No. 2,025,242 | December 24, 1996 |

(collectively, the "RICELAND Marks").

12. Plaintiff is also the sole and exclusive owner of common law trademark rights for RICELAND. For example, Plaintiff uses the aforementioned trademarks in-state commerce for Washington State and has done so since at least 2005.

13. Plaintiff owns all right, title, and interest in and to the mark "RICELAND" in various countries around the world, including, *inter alia*, Canada, China, Panama, and Taiwan.

COMPLAINT - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133302.0001/8131640.1

A list of countries where Plaintiff has registrations for the RICELAND Marks, among others, is attached hereto as **Exhibit A**.

14. Plaintiff has used several of the RICELAND Marks continuously and exclusively in interstate commerce since at least 1946. The Marks have been used variously on and with labeling and packaging of food and in advertising and promotional material. Examples of the RICELAND Marks used in advertising throughout the years are included below.









15. Plaintiff ships its rice and rice products bearing the RICELAND Marks in various different sizes, including several that are sized primarily for consumers. Plaintiff uses other sized

COMPLAINT - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

packaging as well, including packaging that comes in twenty-five (25) and fifty (50) pound unit increments. Since August 1, 2019, Plaintiff has shipped 233,433 of these larger units, or over 10,000,000 pounds of rice throughout the Northwest region of the United States, including in the states of Oregon and Washington.

16. In or around March 2020, Plaintiff became aware of a foreign market reaction due to the global COVID-19 pandemic. Upon information and belief, COVID-19 caused an increase in demand for rice and rice products. As a result, grocery stores and other retail distributors have seen their shelves containing rice product and rice supplies emptied due to mass consumer "hoarding."[2]

17. Upon information and belief, many stores in the Northwest and West coast regions, including some of the Plaintiff's own customers, may have shortages and high demand for rice in the weeks and months to come as markets struggle to fill market holes caused by COVID-19.

**II. DEFENDANTS' BUSINESSES AND INFRINGING ACTIVITIES**

18. According to Defendant Riceland Trading's website, Defendant was established in 1982 and is a leading rice exporter in Thailand.[3]

19. According to Defendant Wismettac's website, Defendant was established in Kobe, Japan in 1912 and is "one of the oldest and most experienced importer, wholesaler and distributor of Asian food products in North America."[4]

---

[2] *See, e.g.*, Su-Lin Tan and Amanda Lee, *Coronavirus will not cause global rice shortage unless panic buying and export bans persist*, South China Morning Post, *available at* https://www.scmp.com/economy/global-economy/article/3077793/coronavirus-will-not-cause-global-rice-shortage-unless-panic (Published Apr. 1, 2020; Last Accessed, July 29, 2020); 'We've never sold out of pork butt before': Inside 22 L.A. grocery stores, Los Angeles Times, *available at* https://www.latimes.com/business/story/2020-03-13/coronavirus-grocery-stores (Published Mar. 13, 2020; Last Accessed July 29, 2020) (stating that as the number of cases continues to increase, shoppers have flocked to stores to stock up on shelf-stable items ranging from frozen foods and canned goods to rice and bread).

[3] *See* About Us, Riceland Foods LTD, *available at* http://www.riceland.co.th/engabout.htm (Last Accessed, July 29, 2020).

[4] *See* About, Wismettac Asian Foods, Inc., *available at* http://www.wismettacusa.com/about/#1 (Last Accessed, July 29, 2020).

COMPLAINT - 6

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133302.0001/8131640.1

20. Recently Plaintiff became aware of Defendants infringing use of the RICELAND Marks.

21. Upon information and belief, in or about March 2020, Defendants began marketing, selling and offering to sell rice in packaging bearing the RICELAND Marks (the "Counterfeit Rice"). Since March 2020, Defendants have sold seventy (70) units of fifty (50) pound bags of rice, or at least three thousand, five hundred (3,500) pounds of Counterfeit Rice to retail outlets in the Washington region and have, according to customer tracking information, sold these bags of rice to consumers. A copy of the Defendants' infringing use of the RICELAND Marks, *i.e.*, the Counterfeit Rice, is attached hereto as **Exhibit B.**

22. Upon information and belief, Defendant Riceland Trading imports the Counterfeit Rice to Defendant Wismettac at 19931 72nd Ave. S, Ste 101, Kent, WA, 98032.

23. Upon information and belief, Defendants are using the RICELAND Marks to sell Counterfeit Rice in order to fill rice shortages caused by COVID-19 in the Washington region.[5]

24. Upon information and belief, Defendants are using and will continue to use the Plaintiff's brand and goodwill as a trusted United States rice manufacturer to circumvent the health and environmental standards imposed on foreign agricultural exporters. Thus, the marketing and sale of Defendants' Counterfeit Rice and use of the RICELAND Marks also pose a serious health risk to the general public.[6]

---

[5] *See, e.g.*, Rajendra Jadhav, Naveen Thukral, and Nigel Hunt, Reuters, *Coronavirus Upends Global Food Supply Chains in Latest Economic Shock*, available at https://www.reuters.com/article/us-health-coronavirus-food-supplies-insi/coronavirus-upends-global-food-supply-chains-in-latest-economic-shock-idUSKBN21L2V7 (Published Apr. 3, 2020; Last Accessed July 29, 2020) (noting that Thailand, the second-largest rice exporter and where the Defendant is located, is taking advantage of higher rice prices caused by COVID-19 by increasing exports from stockpiles); Alexandra Kelley, *Prices on Some Food Items Are Surging During Coronavirus Pandemic*, The Hill, *available at* https://thehill.com/changing-america/sustainability/environment/490331-wheat-rice-prices-surge-as-consumers-stock-up (Published Mar. 31, 2020; Last Accessed July 29, 2020) (stating that Americans are poised to see a spike in prices and demand for rice).

[6] Although COVID-19 is generally thought to be spread from person-to-person and there is currently no evidence to support transmission associated with food, health officials are still learning about COVID-19. There have been widespread instances concerning mass infection of persons who work in food production and processing and the Centers for Disease Control and Prevention ("CDC") have issued food safety guidelines. *See, e.g.*, Hugh Bronstein, *Argentina Suspends Exports From Eight Meat Plants To China After COVID-19 Found*, Reuters, *available*

COMPLAINT - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133302.0001/8131640.1

25. The health and food safety practices employed by Defendants' in the creation, processing, and distribution of the Counterfeit Rice are unknown. Accordingly, it is imperative that Defendants' use of the RICELAND Marks during the global pandemic are curbed immediately.

26. The unauthorized use of the RICELAND Marks directly infringes on the family of RICELAND trademarks owned by Plaintiff. Upon information and belief, the Counterfeit Rice has been shipped into the United States (and this judicial district) from South Korea, China, Thailand, Hong Kong, Taiwan, Singapore, Malaysia, Sri Lanka, Vietnam, and Bermuda. The RICELAND Marks are recorded with United States Customs and Border Protection.

27. As a direct and proximate result of Defendants' infringement of Plaintiff's RICELAND Marks, Plaintiff has suffered and will continue to suffer great damage and irreparable harm that cannot fully be compensated or measured in money. Plaintiff is thereby entitled to injunctive relief against Defendants, as well as all other remedies available under the Lanham Act including, without limitation, damages in an amount to be proven at trial, statutory penalties, disgorgement of Defendants' profits, and costs and attorneys' fees.

**FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**<u>FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114</u>**

28. Plaintiff hereby refers to paragraphs 1 through 27, inclusive, of this Complaint and by this reference incorporates the same as though fully set forth herein.

29. Plaintiff holds United States registered trademarks for the RICELAND Marks which are in full force, effective and enforceable.

---

*at* https://www.reuters.com/article/us-health-coronavirus-argentina-meat/argentina-halts-china-six-meat-plants-exports-after-covid-19-found-idUSKCN24G2TQ (Published July 15, 2020; Last Accessed July 29, 2020) (discussing Argentina's suspension of exports after coronavirus cases emerged among employees in food plants); Coronavirus Disease 2019 Food Safety, Centers for Disease Control and Prevention *available at* https://www.cdc.gov/coronavirus/2019-ncov/daily-life-coping/food-and-COVID-19.html (Last Updated June 25, 2020; Last Accessed July 29, 2020).

COMPLAINT - 8

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

30. The Defendants are, without consent or authorization, intentionally and knowingly using, reproducing, manufacturing, marketing, displaying and/or distributing, in interstate commerce, Counterfeit Rice bearing Plaintiff's RICELAND Marks.

31. The Defendants are, without consent and in bad faith, using and reproducing in interstate commerce Plaintiff's RICELAND Marks to bolster the sales of their infringing Counterfeit Rice, thereby misappropriating the goodwill associated with the Plaintiff's brand.

32. Alternatively, the Defendants are using and reproducing in interstate commerce Plaintiff's RICELAND Marks without authorization to bolster the sales of their own rice products, thereby misappropriating the goodwill associated with the Plaintiff's brand.

33. The Defendants' conduct has caused and continues to cause, damage and injury to Plaintiff's brand, goodwill and reputation.

34. In manufacturing, marketing, offering to sell, and selling Counterfeit Rice, the Defendants' copy, reproduce, and in some instances, remove, Plaintiff's trademark and copyright notices.

35. The Lanham Act defines a "counterfeit" as "a spurious mark which is identical to, or substantially indistinguishable from, a registered mark." 15 U.S.C. §1127. Indeed the designation that appears on the Defendants' products are "counterfeit," and implemented in the same manner as the RICELAND Marks appear on genuine Riceland merchandise. As such, likelihood of confusion is presumed.

36. The Defendants' use of the RICELAND Marks, which are identical to Plaintiff's federally registered marks and used on identical, albeit non-genuine goods, constitute the use of a counterfeit mark under 15 U.S.C. § 1116(d).

37. The Defendants are engaged in the creation, marketing, sale and distribution of counterfeit rice products bearing the RICELAND Marks. The Defendants' conduct thus constitutes trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

COMPLAINT - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a)

38. Plaintiff hereby refers to paragraphs 1 through 37, inclusive, of this Complaint and by this reference incorporates the same as though fully set forth herein.

39. The Defendants' use of the RICELAND Marks in commerce, is a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact.

40. The Defendants' use of the RICELAND Marks is likely to cause confusion or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Plaintiff's goods, services, and/or commercial activities.

41. The Defendants' conduct violates 15 U.S.C. § 1125(a).

42. The Defendants' conduct has caused damage to Plaintiff. The Defendants' conduct will cause further irreparable injury to Plaintiff if it is not restrained by this Court from further violation of Plaintiff's intellectual property rights.

43. Plaintiff's remedy at law is not by itself adequate. Plaintiff has suffered, and continues to suffer, irreparable harm such that Plaintiff is entitled to injunctive relief.

44. Accordingly, the Defendants' conduct constitutes unfair competition pursuant to 15 U.S.C. § 1125.

45. The Defendants' bad faith violations of 15 U.S.C. § 1125 also entitles Plaintiff to an Order from the Court directing the forfeiture and seizure of the Counterfeit Rice.

46. Plaintiff is therefore entitled to injunctive relief under 15 U.S.C. § 1116 and recovery of damages from the Defendants pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### DILUTION, 15 U.S.C. § 1125(c)

47. Plaintiff hereby refers to paragraphs 1 through 46, inclusive, of this Complaint and by this reference incorporates the same as though fully set forth herein.

COMPLAINT - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

48. Plaintiff is the owner of the famous registered trademark RICELAND. The mark is inherently distinctive and has acquired distinctiveness through long and continuous use. The extent of advertising and publicity associated with the RICELAND Marks is such that it is well known throughout a substantial portion of the United States.

49. Plaintiff's long, continuous and extensive use of the RICELAND Marks has caused the RICELAND Marks to become famous, as defined under 15 U.S.C. § 1125(c).

50. The Defendants' use of the RICELAND Marks began on or around March 2020 well after Plaintiff's RICELAND Marks became famous. Upon information and belief, the Defendants' are passing off non-genuine product as Plaintiff's, and distributing Counterfeit Rice to Washington State and other retailers and grocers in the Northwest region.

51. The Defendants' use of the RICELAND Marks dilutes the distinctive value of Plaintiff's RICELAND Marks by lessening the capacity of Plaintiff to identify and distinguish its goods and services from those of others.

52. The Defendants' unknown health and food safety measures during production and distribution of a sought-after food product at the height of a global pandemic endangers public health.

53. The Defendants' precarious use of the RICELAND Marks at the height of a global pandemic also puts Plaintiff's brand and goodwill in danger.

54. The Defendants' deliberate and willful violation of Plaintiff's rights in the RICELAND Marks have caused and will continue to cause damages to Plaintiff, as well as to the reputation associated with Plaintiff's RICELAND Marks.

55. Plaintiff has no adequate remedy at law. Plaintiff has suffered, and continues to suffer, irreparable harm such that Plaintiff is entitled to injunctive relief.

56. Accordingly, the Defendants' conduct constitutes dilution pursuant to 15 U.S.C. § 1125.

COMPLAINT - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

**FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**UNFAIR COMPETITION IN VIOLATION OF WASHINGTON COMMON LAW**

57. Plaintiff hereby refers to paragraphs 1 through 56, inclusive, of this Complaint and by this reference incorporates the same as though fully set forth herein.

58. The RICELAND Marks are wholly associated with Plaintiff due to its long use thereof, and as such, Plaintiff is deserving of having its mark adequately protected with respect to the conduct of its business.

59. The Defendants' use of the RICELAND Marks comprise unfair competition in that customers and would-be customers are likely to be confused concerning the origin of products using the same or similar marks in the marketplace.

60. The Defendants' aforesaid acts are in violation of federal and state law, specifically RCW 19.86.020.

61. Plaintiff has no remedy at law. Plaintiff has suffered, and will continue to suffer irreparable harm such that Plaintiff is entitled to injunctive relief.

62. Additionally, the Defendants have profited from their wrongful acts and must disgorge their ill-gotten gains.

**FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**TRADEMARK INFRINGEMENT IN VIOLATION OF WASHINGTON STATE LAW**

63. Plaintiff hereby refers to paragraphs 1 through 62, inclusive, of this Complaint and by this reference incorporates the same as though fully set forth herein.

64. The Defendants are, without consent or authorization, intentionally and knowingly using, reproducing, manufacturing, marketing, displaying and/or distributing, in interstate commerce, Counterfeit Rice bearing Plaintiff's RICELAND Marks.

65. The Defendants are, without consent and in bad faith, using and reproducing in interstate commerce Plaintiff's RICELAND Marks to bolster the sales of their infringing Counterfeit Rice, thereby misappropriating the goodwill associated with the Plaintiff's brand.

66. The Defendants' conduct has caused and continues to cause, damage and injury to Plaintiff's brand, goodwill and reputation.

COMPLAINT - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

67. In manufacturing, marketing, offering to sell, and selling Counterfeit Rice, the Defendants' copy, reproduce, and in some instances, remove, Plaintiff's trademark and copyright notices.

68. The Defendants' aforesaid acts are in violation of federal and state law, specifically RCW 19.77.140.

### SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### DILUTION IN VIOLATION OF WASHINGTON STATE LAW

69. Plaintiff hereby refers to paragraphs 1 through 68, inclusive, of this Complaint and by this reference incorporates the same as though fully set forth herein.

70. The Defendants' use of the RICELAND Marks began on or around March 2020 well after Plaintiff's RICELAND Marks became famous. Upon information and belief, the Defendants are passing off non-genuine product as Riceland's Rice, and selling potentially hazardous Counterfeit Rice, to Washington retailers for distribution among the general public.

71. The Defendants' use of the RICELAND Marks dilutes the distinctive value of Plaintiff's RICELAND Marks by lessening the capacity of Plaintiff to identify and distinguish its goods and services from those of others. The Defendants' precarious use of the RICELAND Marks at the height of a global pandemic also puts Plaintiff's brand and goodwill in danger.

72. The Defendants' deliberate and willful violation of Plaintiff's rights in the RICELAND Marks have caused and will continue to cause damages to Plaintiff, as well as to the reputation associated with Plaintiff's RICELAND Marks.

73. By their acts alleged herein, the Defendants are causing dilution of the distinctive quality of Plaintiff's RICELAND Marks and injury to Plaintiff's business reputation in violation of RCW 19.77.160.

### SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### UNJUST ENRICHMENT

74. Plaintiff hereby refers to paragraphs 1 through 73, inclusive, of this Complaint and by this reference incorporates the same as though fully set forth herein.

COMPLAINT - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

133302.0001/8131640.1

75. Since at least as early as March 2020, the Defendants have been selling Counterfeit Rice without authorization using a false designation—the Plaintiff's RICELAND Marks.

76. As a result of the Defendants' aforementioned unlawful acts, the Defendants have had a financial benefit conferred upon them and are thereby unjustly enriched. It is inequitable for the Defendants to retain those benefits and they should be disgorged of any profits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. Awarding Plaintiff recovery of up to three times the Defendants' profits and damages for the Defendants' use of the RICELAND Marks in connection with the sale of Counterfeit Rice pursuant to 15 U.S.C. § 1117;

b. Awarding Plaintiff statutory damages as allowed by law;

c. Awarding prejudgment and post judgment interest at the maximum rate allowed by law;

d. Directing an accounting of all Counterfeit Rice that was or is within the Defendants' possession, custody, or control;

e. Directing an Order pursuant to 15 U.S.C. § 1116 providing for the seizure, impoundment, and destruction of all Counterfeit Rice within the Defendants' custody, possession, or control;

f. Enjoining the Defendants from further use of the RICELAND Marks;

g. Awarding Plaintiff restitution from the Defendants for unjust enrichment;

h. Awarding Plaintiff its costs and attorney fees incurred in this action; and

i. Granting such other and further relief as this Court may deem just and equitable, or to which Plaintiff may be entitled.

*//*

*//*

*//*

COMPLAINT - 14

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1

# JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: July 31, 2020

                              LANE POWELL PC


By *s/Barbara J. Duffy*
Barbara J. Duffy, WSBA No. 18885

*s/Aaron Schaer*
Aaron Schaer, WSBA No. 52122
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email:  duffyb@lanepowell.com
Email:  schaera@lanepowell.com


DENTONS US LLP


By *s/Samuel Fifer*
Samuel Fifer, *pro hac vice pending*

*s/Taaj M. Reaves*
Taaj M. Reaves, *pro hac vice pending*
233 South Wacker Drive, Suite 5900
Chicago, Illinois  60606
Telephone (312) 876-8000
Facsimile (312) 876-7934
samuel.fifer@dentons.com
taaj.reaves@dentons.com

*Attorneys for Plaintiff*
Riceland Foods, Inc.

COMPLAINT - 15

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

133302.0001/8131640.1